Andre C. DERRINGTON–BEY, Appellant,

v.

DISTRICT OF COLUMBIA DE-
PARTMENT OF CORREC-
TIONS, Appellee.

No. 94–7123.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 22, 1994.

Rehearing and Suggestion for Rehearing
En Banc Denied Jan. 17, 1995.

Stephen G. Vaskov, Washington, DC, Atty., for appellant.

Vanessa Ruiz, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and James C. McKay, Jr., Asst. Corp. Counsel, Office of the Corp. Counsel, Washington, DC, for appellee.

Before: WALD, HENDERSON, and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

The District of Columbia's motion for summary affirmance poses issues with respect to Rules 6(e) and 59(e) of the Federal Rules of Civil Procedure we have not previously decided.

After proceedings unnecessary to describe and after counsel had been appointed for plaintiff, the district court ruled that plaintiff's allegations about having been stabbed in prison in 1980, and about the inadequate medical attention he received, did not amount to constitutional claims and thus did not satisfy 42 U.S.C. § 1983. The court's judgment dismissing the complaint was entered on July 1, 1993. Plaintiff filed his notice of appeal on June 14, 1994, far beyond the thirty days allowed by Rule 4(a) of the Federal Rules of Appellate Procedure. In the interim, the court had issued two other orders: one on September 23, 1993, denying plaintiff's motion for reconsideration; the other on June 8, 1994, denying plaintiff's motion for reconsideration of the order denying plaintiff's first motion. Plaintiff noted an appeal not only from the judgment dismissing his complaint, but also from the judgments denying his motions.

We would have jurisdiction to review the original judgment only if plaintiff's motions, which stated that they were "[p]ursuant to Fed.R.Civ.P. 59(e)," tolled the time limit for noting an appeal. Rule 59(e) provides:

A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

If a "timely" Rule 59(e) motion is filed, the time for appeal runs from the "entry of the order disposing of the" motion, rather than the entry of the original judgment. Rule 4(a)(4)(C), Fed.R.App.P. The key word is "timely." The district court rejected plaintiff's first motion, correctly we conclude, as out of time. Plaintiff served this motion on July 19, 1993. Because motions to alter or amend are due in less than 11 days, Rule 6(a) excluded "intermediate Saturdays, Sundays and legal holidays in the computation" of time. July 1, 1993, when the court's original judgment was entered, was a Thursday. Monday, July 5, 1993, was a legal holiday. With the holiday and the four weekend days out of the computation, the deadline became Friday, July 16. Plaintiff missed it by serving his motion on July 19, unless—as he argues—Rule 6(e) gave him an additional 3 days.

■ Rule 6(e) states:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Mere quotation of Rule 6(e) shows why it is inapplicable to Rule 59(e) motions. The period for filing a Rule 59(e) motion does not—in the words of Rule 6(e)—begin with "service of a notice." True, the clerk of the district court must "immediately" serve by mail a notice of the entry of a judgment (Fed. R.Civ.P. 77(d)). But the critical point for measuring the timeliness of a Rule 59(e) motion is not the date of service, nor is it the date of the court's order. The 10 days allowed by Rule 59(e) begin with the clerk's ministerial act of entering the court's judgment in a "book"—today, often in the form of an automated system—"known as the 'civil docket'" (Fed.R.Civ.P. 79(a)). The clerk's action does more than start the clock. A judgment, which must "be set forth on a separate document," does not become "effective" until the clerk enters it (Fed.R.Civ.P. 58). *Alerte v. McGinnis*, 898 F.2d 69, 70 (7th Cir.1990). To be sure, 10 days for preparing and serving a motion to alter or amend a judgment, even 10 working days, is not much time. Yet there is no doubt that strict compliance is required. District courts do not have even the customary discretion given by Fed.R.Civ.P. 6(b) to enlarge the Rule 59(e) period. *Center for Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Comm'n*, 781 F.2d 935, 941 (D.C.Cir.1986); *cf. Wolfsohn v. Hankin*, 376 U.S. 203, 204, 84 S.Ct. 699, 699, 11 L.Ed.2d 636 (1964) (Clark, J., dissenting); Fed.R.App.P. 4(a)(6), added in 1991. The period is to be kept short presumably because a timely Rule 59(e) motion deprives the judgment of finality. Other motions that, in effect, extend the time for noting an appeal also must be filed or served within 10 days of entry of the judgment.

*E.g.,* Fed.R.Civ.P. 50(b), 52(b), 59(b). We therefore agree with *Adams v. Trustees, N.J. Brewery Trust Fund,* 29 F.3d 863, 870–71 (3d Cir.1994); *Cavaliere v. Allstate Insurance,* 996 F.2d 1111, 1113 (11th Cir.1993); and *Flint v. Howard,* 464 F.2d 1084, 1087 (1st Cir.1972), that Rule 6(e) does not add 3 days to the 10 days allowed under Rule 59(e).

Since we do not have jurisdiction to review the judgment dismissing the complaint, the next question is whether we have appellate jurisdiction over the court's order of September 23, 1993, denying plaintiff's first motion. The question may seem to lack any practical significance. As we already said, the district court's ruling of September 23 correctly rejected the motion as untimely under Rule 59(e). Plaintiff's challenge to this ruling therefore appears doomed even if he could establish appellate jurisdiction. We would end on that note but for the district court's decision of June 8 denying plaintiff's motion to reconsider this ruling. The court then said it would treat plaintiff's untimely Rule 59(e) motion as if it had been a motion under Rule 60(b) for relief from judgment, a motion not subject to the 10–day limit and without effect on the time for appealing from the original judgment (unless served within 10 days of its entry, *see* Fed.R.App.P. 4(a)(4), as amended in 1993). *Compare Hoai v. Vo,* 935 F.2d 308, 312 n. 3 (D.C.Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1578, 118 L.Ed.2d 220 (1992); *Moy v. Howard University,* 843 F.2d 1504, 1505–06 (D.C.Cir.1988).† So treating the first motion, the district court held that plaintiff had presented no "exceptional circumstances warranting relief from judgment under Rule 60(b)."

■ A "timely" appeal from a "ruling on a Rule 60(b) motion" may be taken under Fed.R.App.P. 4(a), although the court of appeals "may review the ruling only for abuse of discretion" and although the appeal "does not bring up the underlying judgment for review." *Browder v. Director, Illinois Dep't*

---

† These opinions stand for the proposition that a motion for reconsideration filed within 10 days of entry of judgment will be treated as a Rule 59(e) motion, rather than a motion under Rule 60(b), for the purpose of calculating the time for noting an appeal—a proposition mooted by a 1993 amendment to the Federal Rules of Appellate Procedure adding Rule 4(a)(4)(F). Before the amendment, the Fifth and Seventh Circuits,

*of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978). Once again, the key word is "timely." This depends on whether plaintiff's motion for reconsideration of the September 23 order deprived it of finality—that is, on whether plaintiff's second reconsideration motion qualified as a timely-filed Rule 59(e) motion aimed not at the judgment dismissing the complaint but at the order denying the Rule 60(b) motion. The 1946 Advisory Committee Notes state that the newly-added Rule 59(e) "deals only with alteration or amendment of the original judgment in a case and does not relate to a judgment upon motion as provided in Rule 50(b)." Advisory Committee on Rules for Civil Procedure, Report of Proposed Amendments to Rules of Civil Procedure for the District Court of the United States, 5 F.R.D. 433, 476 (June 14, 1946). We take "original judgment" to mean "the judgment" from which the appeal is taken, here the judgment of September 23 denying what the district court later determined to be a Rule 60(b) motion. An order denying such a motion is itself a "judgment" under Fed. R.Civ.P. 54(a): the term "judgment" as used in the rules "includes a decree and any order from which an appeal lies." Rule 59(e) applies to judgments denying Rule 60(b) motions because Rule 59(e) encompasses all motions seeking to alter or amend "the judgment." *See Echevarria–Gonzalez v. Gonzalez–Chapel,* 849 F.2d 24, 27 (1st Cir.1988). Plaintiff's Rule 59(e) motion, filed on October 7, 1993—within 10 days of the entry of the court's September 23, 1993 order (excluding weekends)—thus tolled the running of the period for appealing the order denying his Rule 60(b) motion. Because he filed his notice of appeal within 30 days of the entry of the court's June 8, 1994 judgment, we have jurisdiction to review that denial.

■ As to the court's refusal to relieve plaintiff from its judgment of September 23,

---

and perhaps the Ninth, had taken the additional step of requiring district courts to treat untimely Rule 59(e) motions as motions under Rule 60(b). *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992); *Fiester v. Turner,* 783 F.2d 1474, 1476 (9th Cir. 1986). Whether we should follow their lead is a question we do not reach.

we see no abuse of discretion. Plaintiff proposed to amend his complaint and supply allegations needed to set forth constitutional claims. But the amended allegations merely restated arguments the district court considered and rejected in its original ruling and, in any event, provided nothing from which the court could have concluded that they had any basis in fact.

Accordingly, plaintiff's appeal from the judgment of July 1, 1993, is dismissed for lack of jurisdiction; and the judgment of September 23, 1993, is affirmed.