**Eddi Z. ZYKO, Plaintiff,**

v.

**DEPARTMENT OF DEFENSE et al., Defendants.**

**No. Civ.A.99–2118(RMU).**

United States District Court, District of Columbia.

Oct. 31, 2001.

Eddi Z. Zyko, Middlebury, CT, plaintiff pro se.

Michael C. Johnson, U.S. Attorney's Office, Washington, DC, for defendants.

## MEMORANDUM OPINION

URBINA, District Judge.

### DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION

## I. INTRODUCTION

This case comes before the court on the plaintiff's Federal Rule of Civil Procedure 59(e) motion for reconsideration of this court's August 8, 2001 Memorandum Opinion and Order, which denied the plaintiff's motion for summary judgment and granted the defendants' motion to dismiss. The *pro se* plaintiff, Brigadier General (retired) Eddi Z. Zyko, had brought multiple claims against the Department of Defense and the Department of the Army (collectively, "the defendants") regarding his retirement and transfer to inactive duty. The court dismissed those claims under Rule 12(b)(1). The plaintiff now moves the court to reconsider its decision and amend its judgment. For the reasons that follow, the court will deny the plaintiff's motion.

## II. ANALYSIS

### A. Legal Standard for Amendment of Judgment Pursuant to Rule 59(e)

Courts may treat motions for reconsideration as motions to alter or amend judgment pursuant to Rule 59(e) when they are filed within 10 days of the entry of the judgment at issue.[1] *See W.C. & A.N. Miller Companies v. United States,* 173 F.R.D. 1, 3 (D.D.C.1997) (citing *Derrington–Bey v. District of Columbia Dep't*

---

**1.** For a Rule 59(e) motion to be timely, the movant must file the motion 10 days after the court's judgment is entered into the court's civil docket. *See Derrington–Bey v. District of Columbia Dep't of Corrections,* 39 F.3d 1224, 1224–26 (D.C.Cir.1994). The D.C. Circuit has clarified that for Rule 59(e) motions, three days are not added to the time requirement when service is by mail, and district courts do not have the discretion to enlarge the 10–day period. *See id.;* FED.R.CIV.P. 6(e) and 6(b). "The period is kept short presumably because a timely Rule 59(e) motion deprives the judgment of finality." *Derrington–Bey,* 39 F.3d at 1225. In addition, when a timely Rule 59(e) motion is filed, the time for appeal runs from the entry of the order that disposes of the motion. *See id.*

*of Corrections,* 39 F.3d 1224, 1226 (D.C.Cir.1994)); FED.R.CIV.P.59(e). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure. *See Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) *(per curiam )* (internal citations omitted). Rule 59(e) motions "need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* Finally, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States,* 880 F.Supp. 37, 38 (D.D.C.1995), nor is it a vehicle for presenting theories or arguments that could have been advanced earlier. *See W.C. & A.N. Miller Companies,* 173 F.R.D. at 3.

Motions to amend judgments brought pursuant to Rule 59(e) must not be confused with motions for relief from judgments brought pursuant to Rule 60(b). *See Computer Prof'ls for Soc. Responsibility v. United States Secret Serv.,* 72 F.3d 897, 903 (D.C.Cir.1996) ("An untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule.") (internal citations omitted); FED.R.CIV.P. 59(e), 60(b). Parties generally can file motions for relief from judgment within one year from the entry of judgment. *See United States v. Beggerly,* 524 U.S. 38, 44, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (quoting FED.R.CIV.P. 60(b)). While there is some overlap between motions to amend and motions for relief from judgment, there are important differences as well, beyond the difference in deadlines. For example, in most cases, the bar stands even higher for a party to prevail on a motion for relief from judgment, which permits relief when a party demonstrates fraud, mistake, extraordinary circumstances, or other enumerated situations. *See* FED.R.CIV.P. 59(e), 60(b). With these principles in mind, the court addresses the instant motion.

## B. Analysis

■ The plaintiff has filed a timely motion for amendment of the court's judgment. *See generally* Pl.'s Mot. for Recons. In his motion, the plaintiff appears to make the following claims: (1) a letter from Patrick T. Henry, Assistant Secretary of the Army (Manpower and Reserves) demonstrates that the defendants have made material misrepresentations to the court, *see id.* at 2, 4; (2) the plaintiff was not given an opportunity for discovery regarding these alleged misrepresentations, *see, e.g., id.* at 5, 13–14; (3) the Department of Defense policy regarding priority placement in the Selected Reserves contravenes the plain language of Public Law Number 102–484, *see id.* at 18; (4) the court made a wrongful determination of harmless error, *see id.* at 30; and (5) the plaintiff is entitled to retroactive pay, *see id.* at 37. The court holds that none of these grounds supports an amendment of the court's earlier judgment.

## 1. Material Misrepresentations

The plaintiff has failed to present any new evidence, point to any legal errors the court made, or alert the court to any intervening change of controlling law that would justify granting his motion for reconsideration on this ground. The court finds no reason to believe that Mr. Henry's January 19, 2001, letter ("ASA letter") is inconsistent with other documents from the defendants that this court has reviewed. *See* Mem.Op. at 10–15. The court therefore rejects this claim.

## 2. Discovery

 The plaintiff does not persuade the court that the extraordinary step of discovery in this Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq.*, case would be appropriate for the plaintiff's claims.

> [D]iscovery in an APA-review case should, as a general rule, only be permitted in two circumstances, where there have been no contemporaneous administrative findings so that without discovery the administrative record is inadequate for review and where there has been a strong showing of bad faith or improper behavior so that without discovery the administrative record cannot be trusted.

*Saratoga Dev. Corp. v. United States,* 21 F.3d 445, 458 (D.C.Cir.1994). The plaintiff's request for discovery largely stems from his belief that the defendants have somehow perjured their submissions to this court. *See* Pl.'s Mot. to Recons. at 5, 14 ("If Plaintiff had been permitted the proposed discovery and status conferences, the Court and Plaintiff would have discovered the Defendants' concealment, denial, delay, fraud and perjury...."). But the court is not convinced that any such behavior occurred. The defendants' submissions to this court have been consistent, and the plaintiff has not met the "strong showing of bad faith" burden. The court therefore rejects the plaintiff's discovery argument.

## 3. Public Law Number 102–484, Harmless Error, and Retroactive Pay

The court has already addressed and rejected the plaintiff's arguments on these issues. *See* Mem.Op. at 7–10, 13–14. The court is not persuaded that there are any new pieces of evidence, legal errors, or intervening changes of controlling law to justify a departure from its earlier holdings in this case.

## III. CONCLUSION

For all these reasons, the court denies the plaintiff's motion for reconsideration. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously executed and issued this 31 day of October, 2001.