Mahinder S. UBEROI, Plaintiff,

v.

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,**
Defendant.

No. CIV.A. 01–1579(RMU), 13, 15.

United States District Court,
District of Columbia.

Jan. 16, 2002.

Mahinder S. Uberoi, Boulder, CO, pro se.

James G. Allison, Equal Employment Opportunity Commission, Washington, DC, for Defendant.

### *MEMORANDUM OPINION*

#### DENYING THE PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

URBINA, District Judge.

## I. INTRODUCTION

This case comes before the court on the plaintiff's Federal Rule of Civil Procedure

59(e) motion to alter or amend this court's judgment, as detailed in the court's August 16, 2001 Memorandum Opinion denying the plaintiff's motion for a preliminary injunction and granting the defendant's motion to dismiss. The *pro se* plaintiff, Mahinder S. Uberoi, had brought claims against the Equal Employment Opportunity Commission ("EEOC" or "the defendant") regarding the plaintiff's employment discrimination charge. The court dismissed those claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The plaintiff now moves the court to reconsider its decision and amend its judgment. For the reasons that follow, the court will deny the plaintiff's motion.

## II. ANALYSIS

### A. Legal Standard for Amendment of Judgment Pursuant to Rule 59(e)

■ Rule 59(e) motions to alter or amend a judgment must be filed within 10 days of the entry of the judgment at issue.[1] *See* FED. R. CIV. P. 59(e); *W.C. & A.N. Miller Companies v. United States*, 173 F.R.D. 1, 3 (D.D.C.1997) (citing *Derrington–Bey v. District of Columbia Dep't of Corrections*, 39 F.3d 1224, 1226 (D.C.Cir. 1994)). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (*per curiam*) (internal citations omitted). Rule 59(e) motions "need not be granted unless the district court finds that there is an 'inter-

vening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* Finally, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F.Supp. 37, 38 (D.D.C.1995), nor is it a vehicle for presenting theories or arguments that could have been advanced earlier. *See W.C. & A.N. Miller Companies*, 173 F.R.D. at 3.

■ Motions to amend judgments brought pursuant to Rule 59(e) must not be confused with motions for relief from judgments brought pursuant to Rule 60(b). *See* FED. R. CIV. P. 59(e), 60(b); *Computer Prof'ls for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C.Cir.1996) ("An untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule.") (internal citations omitted). Parties generally can file motions for relief from judgment within one year from the entry of judgment. *See United States v. Beggerly*, 524 U.S. 38, 44, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (quoting FED. R. CIV. P. 60(b)). While there is some overlap between motions to amend and motions for relief from judgment, there are important differences other than the difference in deadlines. For example, in most cases, the bar stands even higher for a party to prevail on a Rule 60(b) motion for relief from judgment, which permits relief when a party

---

1. For a Rule 59(e) motion to be timely, the movant must file the motion 10 days after the court's judgment is entered into the court's civil docket. *See Derrington–Bey v. District of Columbia Dep't of Corrections*, 39 F.3d 1224, 1224–26 (D.C.Cir.1994). The D.C. Circuit has clarified that for Rule 59(e) motions, three days are not added to the time requirement when service is by mail, and district courts do

not have the discretion to enlarge the 10–day period. *See id.;* FED. R. CIV. P. 6(e) and 6(b). "The period is kept short presumably because a timely Rule 59(e) motion deprives the judgment of finality." *Derrington–Bey*, 39 F.3d at 1225. In addition, when a party files a timely Rule 59(e) motion, the time for appeal runs from the entry of the order that disposes of the motion. *See id.*

demonstrates fraud, mistake, extraordinary circumstances, or other enumerated situations. *See* FED. R. CIV. P. 60(b). With these principles in mind, the court addresses the instant motion.

## B. The Plaintiff Does Not Satisfy the Legal Standard

■ The plaintiff's brief motion fails to satisfy the legal requirements for motions to alter or amend judgments. In summary, the plaintiff has not presented the court with any indication of an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone,* 76 F.3d at 1208 (internal citations ommitted). Rather, the plaintiff's motion transparently relitigates claims that this court has already expressly rejected. In particular, the plaintiff continues to challenge the EEOC's handling of his discrimination charge—despite the court's clear holding regarding the EEOC's discretion in such matters. *See* Mem. Op. at 7 (August 16, 2001) ("the EEOC has statutory discretion to modify charges"). Accordingly, the court rejects the plaintiff's motion.

## III. CONCLUSION

For all these reasons, the court denies the plaintiff's motion to alter or amend the court's August 16, 2001 judgment. An order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 16th day of January, 2002.