Charles Russell TWIST, Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, Defendant.

Civil Action No. 01–1163(RMU).

United States District Court, District of Columbia.

Nov. 2, 2004.

Archie McRoy Nichols, Washington, DC, for Plaintiff.

Renee S. Orleans, Washington, DC, for Defendant.

### MEMORANDUM ORDER

#### DENYING THE PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND DENYING THE PLAINTIFF'S MOTION FOR RECUSAL

URBINA, District Judge.

### I. INTRODUCTION

This matter comes before the court on the plaintiff's motions for recusal and to alter or amend judgment.[1] The now *pro se* plaintiff, Charles Twist, brought an action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, against the Department of Justice ("DOJ") seeking documents maintained by the Office of Professional Responsibility ("OPR") relating to an investigation he participated in while working for the defendant as a trial attorney. Specifically, the plaintiff claimed that the defendant unlawfully withheld nonexempt reports. He further claimed that the absence of certain documents from the *Vaughn* index[2] demon-

---

1. Because the plaintiff filed his motion within the ten-day period set for Rule 59(e) motions, the court treats the plaintiff's "motion for reconsideration" as a Rule 59(e) motion to alter or amend judgment, as opposed to a Rule 60(b) motion seeking relief from a judgment or order. *Zyko v. Dep't of Def.*, 180 F.Supp.2d 89, 90–91 (D.D.C.2001) (stating "courts may treat motions for reconsideration as motions to alter or amend judgment pursuant to [Rule] 59(e) when they are filed within 10 days of the entry of judgment at issue");

*accord United States v. Emmons*, 107 F.3d 762, 764 (10th Cir.1997); *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir.1996).

2. The *Vaughn* index identifies redacted and withheld documents from the Department of Justice ("DOJ"), specifically from the Antitrust Division ("ATR") and the Office of Professional Responsibility ("OPR"). The index provides a general description of the documents, date of creation, the authors and recipients, and the justification for redacting or

strates bad faith. The defendant responded that it released all responsive, non-exempt documents to the plaintiff in compliance with FOIA.[3] The court referred this case to Magistrate Judge Facciola, and on August 2, 2004, the court adopted his report and recommendation ("R & R") and granted the defendant's motion for summary judgment. Thereafter, the plaintiff filed a motion to alter or amend judgment and a motion for recusal. The court addresses these motions in turn.

## II. BACKGROUND

The facts leading to this action commenced approximately twenty years ago when the Antitrust Division ("ATR") of the DOJ authorized a grand jury investigation of Cleveland area newspapers. *See* Def.'s Mot. for Summ. J. ("Def.'s Mot."), Harding Decl. ¶ 7. The plaintiff worked as a staff attorney on the investigation. *Id.* During the investigation, the plaintiff accused certain DOJ officials of obstructing the grand jury investigation. *Id.* at ¶ 9. The plaintiff claimed that the DOJ terminated him in retaliation for making allegations of misconduct. *Id.; see also Twist v. Meese,* 854 F.2d 1421, 1422 (D.C.Cir.1988). At the time of the investigation, the current Chief Judge of the D.C. Circuit, Douglas Ginsburg was the Assistant Attorney General for the ATR. *See* Pl.'s Mot. for Recusal at 2.

The plaintiff sent FOIA and Privacy Act requests to the defendant, the DOJ. On September 3, 1998, the DOJ received the first request, which sought inspection and review of personnel records. Def.'s Mot. at 3, Hall Decl. ¶¶ 8, 10. A search of the OPR's system of records retrieved an in-

vestigative file under the plaintiff's name. Def.'s Mot., Hall Decl. ¶ 9. The OPR's initial search retrieved seven documents (68 pages), which were thereafter referred to the ATR for approval for release. *Id.* at ¶ 11; Def.'s Mot., Harding Decl. ¶ 10. In October 1998, the OPR informed the plaintiff of the progress of their search. Following that letter, on November 24, 1998, the plaintiff wrote a letter to the OPR stating that his "request [was] for documents concerning [him] ... [and it was] not limited to 'personnel records' as [the OPR] impl[ied]." Compl. Attach. 2. In the meantime, the ATR retrieved two additional pages of responsive documents. Then, on January 8, 1999, the ATR gave the plaintiff 70 pages of documents (a compilation of the responsive documents from the OPR and the ATR); within those 70 pages, the ATR redacted two pages in part because they revealed grand jury information. Def.'s Mot., Harding Decl. ¶ 10.

In February 2001, the OPR sent the plaintiff a letter informing him that they conducted a second search. Def.'s Mot., Hall Decl. ¶ 13–14; Def's Mot., Ex. G. In that letter, the OPR stated that it treated the plaintiff's clarification in his November 1998 letter as a second search because the second request was broader than the first. *Id.* This second search of the OPR's system of records produced 378 documents responsive to the plaintiff's request: 64 documents were duplicates; 15 documents were disclosed in their entirety; 17 documents were withheld in part pursuant to 5 U.S.C. §§ 552(b)(2), (b)(5), (b)(7)(C); 141 documents originated from the plaintiff (the OPR did not submit them to the plain-

---

withholding the document. *See* Def.'s Mot. for Summ. J. ("Def.'s Mot."), Hall Decl., Harding Decl.

**3.** The Freedom of Information Act ("FOIA") mandates the disclosure of all nonexempt in-

formation requested by specific parties. 5 U.S.C. § 552(a)(3); *Judicial Watch of Florida, Inc. v. U.S. Dep't of Justice,* 102 F.Supp.2d 6, 10 (D.D.C.2000).

tiff on the assumption that the plaintiff maintained copies [4]); 131 documents required prior disclosure approval by the ATR because they either originated in the ATR or contained information of interest to the ATR; and ten documents completely withheld pursuant to 5 U.S.C. §§ 552(b)(5), (b)(7)(C). Def.'s Mot., Ex. K.

On March 14, 2001, the plaintiff submitted an unsuccessful appeal to the OPR for a FOIA determination. Thereafter, on May 29, 2001, the plaintiff commenced the instant action in this court. Def.'s Mot. at 14.

The ATR also conducted a second search. In August 2001, Harding requested this second search because the first ATR search revealed only two documents. *Id.* at ¶ 11. The new search produced 285 pages, 155 pages of which were disclosed, 90 were redacted in part, and 44 were fully withheld. *Id.*[5]

Back in the courthouse, after two years of litigation, the court referred the defendant's renewed motion for summary judgment and all related motions to Magistrate Judge Facciola. Order dated November 26, 2003. Thereafter, Magistrate Judge Facciola recommended that the court grant the DOJ's motion for summary judgment because the plaintiff did not show that the defendant improperly claimed FOIA exemptions, nor did the plaintiff support any of his assertions of bad faith. *See* Report and Recommendation by Mag. J. Facciola dated June 22, 2004 ("R & R"). On August 2, 2004, the court adopted the Magistrate Judge's R & R and granted the defendant's motion for summary judgment,

concluding that the court could not "embark on a time-consuming and costly goose chase in pursuit of phantom reports." *Id.* at 2.

On August 9, 2004, the plaintiff filed a motion for recusal and a motion styled as a reconsideration motion, which the courts treats as a motion to alter or amend judgment. For the reasons that follow, the court denies both the plaintiff's motion for recusal and the plaintiff's motion to alter or amend judgment.

## III. ANALYSIS

### A. The Court Denies the Plaintiff's Motion for Recusal

In his motion for recusal, the plaintiff contends that Canon 2 of the Code of Conduct for United States Judges prohibits judges from behaving in a partial manner. Pl.'s Mot. Recusal at 1. The plaintiff states that because the court is subject to the review of Chief Judge Ginsburg, who was Assistant Attorney General at the time of the investigation, there is a bias that demands recusal. *Id.* The court now evaluates the legal sufficiency of these arguments.

#### 1. Legal Standard for Recusal

The applicable statute governing when a federal judge is required to recuse himself is 28 U.S.C. § 455, which provides that "[any] justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) de-

---

**4.** In June 2001, the ATR recommended that the OPR withhold these documents because they contain information that the ATR deemed to be grand jury information pursuant to 5 U.S.C. § 552(b)(3). *See* Def.'s Mot., Ex. K.

**5.** The court notes that in her affidavit, Harding stated that the reason the initial ATR search produced so few documents was because the plaintiff's personnel file had been removed from the general personnel records to maintain the plaintiff's privacy during other litigation. *See* Def.'s Mot., Harding Decl. ¶ 11 n. 2.

scribes situations in which judges must disqualify themselves. Specifically, a judge "shall" disqualify himself in instances:

> (1) [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of the disputed evidentiary facts concerning the proceeding; (2)[w]here in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it; (3)[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;(4) [h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding; (5)[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: (i)[i]s a party to the proceeding, or an officer, director, or trustee of a party; (ii)[i]s acting as a lawyer in the proceeding; (iii)[i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; (iv)[i]s to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

■ "The standard for disqualification under section 455(a) is an objective one. The question is whether a reasonable and informed observer would question the judge's impartiality." *In re Brooks*, 383 F.3d 1036, 1043 (D.C.Cir.2004) (quoting *United States v. Microsoft*, 253 F.3d 34, 114 (D.C.Cir.2001)). "Bias" and "prejudice" as used in recusal statutes "connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess ... or because it is excessive in degree...." *Liteky v. United States*, 510 U.S. 540, 550, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (emphasis omitted).

■ A party seeking a recusal must file a "timely and sufficient" affidavit. 28 U.S.C. § 144. "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." *Id.* The D.C. Circuit has stated that no basis exists " 'for a bias or partiality motion unless [the court] displays[s] a deep-seated favoritism or antagonism that would make fair judgment impossible.' " *Rafferty v. NYNEX Corp.*, 60 F.3d 844 (D.C.Cir.1995) (quoting *Liteky*, 510 U.S. at 555, 114 S.Ct. 1147). Furthermore, the motion must "show a true personal bias [ ] and must allege specific facts and not mere conclusions or generalities." *Bhd. of Locomotive Firemen and Enginemen, et al. v. Bangor & A. R. Co., et al.*, 380 F.2d 570, 576–77 (D.C.Cir.1967) (citations omitted); *see also United States v. Thompson*, 483 F.2d 527, 528 (3d Cir.1973) (stating that "the affiant has the burden of making a three-fold showing: (1)[t]he facts must be material and stated with particularity[;] (2)[t]he facts must be such that, if true they would convince a reasonable man that a bias exists[;] and (3)[t]he facts must show the bias is personal as opposed to judicial in nature").

A judge's legal decisions are almost never grounds for a claim of bias or impartiality. *See Jones v. Blake Construction Co.,* 2003 WL 1873840 (D.C.Cir.2003); *Liteky,* 510 U.S. at 555, 114 S.Ct. 1147. In the words of Justice Lurton,

> [i]t was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, for such rulings are reviewable otherwise, but to prevent his future action in the pending cause. Neither was it intended to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him between a hearing and a determination of the matter at hand.

*Ex parte Am. Steel Barrel Co.,* 230 U.S. 35, 44, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913).

## 2. The Plaintiff Fails to Meet his Burden that Recusal is Warranted

The plaintiff's motion for recusal fails to satisfy the legal requirements set forth above. While the plaintiff failed to provide any statutory basis for his claim for recusal, he did cite to Canon 2 of the Judicial Code of Conduct, and the court notes that "violations of the Code of Conduct may give rise to a violation of § 455(a) if doubt is cast on the integrity of the judicial process." *Microsoft,* 253 F.3d at 114.[6] Thus, the court now turns to the merits of the motion and determines that the motion fails to satisfy the requirements of the applicable statutes, 28 U.S.C. §§ 144, 455.

■ First and foremost, the recusal motion is denied because it is time-barred. 28 U.S.C. § 144 (stating a party seeking recusal must file an affidavit "not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file within such time"). The plaintiff filed his motion at the close of the case and bases his motion on facts long-known. There is simply no reason to excuse the delay. The purpose of the recusal statute is *not* to enable an unhappy litigant to judge-shop until he finds a judge that rules in his favor. *See Liteky,* 510 U.S. at 549, 114 S.Ct. 1147 (citations omitted).

■ Even assuming the plaintiff filed a timely affidavit in compliance with the requirements of § 144, the plaintiff has not identified any circumstances warranting recusal. Recusal is an extreme measure that is required only in circumstances specified in 28 U.S.C. § 455(b). Recusal is necessary when, *inter alia,* a judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b). The plaintiff's allegation, that the court is working to protect Chief Judge Ginsburg because this court is subject to review by the D.C. Circuit Court, the court in which Chief Judge Ginsburg sits, is nothing more than a wild accusation. Nothing in the record raises any inference of bias or partiality on the part of the court. If anything, the plaintiff alleges a generalized bias of an entire judicial system rather than a personal bias of this member of the court. It is well-established that the mere filing of an affidavit alleging bias without setting forth specific facts that would convince a reasonable man that an inappropriate bias exists is legally insufficient. *Liteky,* 510 U.S. 540 at 550, 114 S.Ct. 1147; *Microsoft,* 253 F.3d at 114. Following the rationale of the plaintiff, all judges located in the

---

**6.** While the Judicial Code of Conduct sets forth judicial standards, citing the Canon does not substitute for presenting legal arguments supporting the plaintiff's motion. The court is not obligated to research and construct legal arguments for the parties. *Carducci v. Regan,* 714 F.2d 171, 177 (D.C.Cir.1983).

District of Columbia are partial and should therefore recuse themselves from the instant case. There simply is no olive branch in this dove's beak. Again, the plaintiff fails to state a personal bias or any other reason justifying recusal in this case. Accordingly, the plaintiff's motion for recusal is denied.

## B. The Court Denies the Plaintiff's Motion to Alter or Amend Judgment

In his motion to alter or amend judgement, the plaintiff claims that "status reports" from the OPR to the Assistant Attorney General should have been found in the OPR's investigative file and listed in the *Vaughn* indexes. Pl's Mot. for Recusal at 1. The plaintiff states that the court committed clear error when it referred to phantom reports because the missing reports were part of the OPR files. *Id.* He claims that an affidavit from Michael Shaheen, Jr., then Counsel on Professional Responsibility for the DOJ, confirms the existence of the reports. *Id.* at 2. The plaintiff argues that the Shaheen affidavit proves non-disclosure and bad faith on the part of the defendant because the affidavit states "we provided periodic status reports to the Assistant Attorney General." *Id.* The defendant responded that "any document that may have constituted a 'status report' from the OPR to the Assistant Attorney General of ATR relating to the OPR investigation is included in these *Vaughn* indexes." Def.'s Resp. to Pl.'s Objections to R & R ("Def.'s Resp.") at 4. The defendant then noted that documents OPR–19 and OPR–60 were memoranda from OPR Counsel Michael Shaheen to Douglas Ginsburg regarding OPR interviews, and both documents were produced in full. *Id.* at 5; Def.'s Mot., Hall Decl., Attach. Y at 1–2. The court now evaluates these arguments.

### 1. Legal Standard for Motion to Alter or Amend Judgment

■■ Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within 10 days of the entry of the judgment at issue. FED.R.CIV.P. 59(e); *see also Mashpee Wampanoag Tribal Council, Inc. v. Norton,* 336 F.3d 1094, 1098 (D.C.Cir.2003) (stating that a Rule 59(e) motion "must be filed within 10 days of the challenged order, not including weekends, certain specified national holidays (including Christmas Day and New Year's Day), or any other day appointed as a holiday by the President"). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) (*per curiam* ); *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency,* 355 F.3d 661, 671 (D.C.Cir.2004) (quoting *Firestone,* 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States,* 880 F.Supp. 37, 38 (D.D.C.1995), or a vehicle for presenting theories or arguments that could have been advanced earlier. *Kattan v. District of Columbia,* 995 F.2d 274, 276 (D.C.Cir.1993); *W.C. & A.N. Miller Cos. v. United States,* 173 F.R.D. 1, 3 (D.D.C. 1997).

### 2. The Plaintiff Fails to Show That the Judgment Should be Altered or Amended

■ The plaintiff, in his instant motion, again misses the point; "[a] Rule 59(e)

motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F.Supp. 37, 38 (D.D.C.1995), or a vehicle for presenting theories or arguments that could have been advanced earlier. *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C.Cir.1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997). The plaintiff's utter failure to present evidence of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice" dooms his motion to alter or amend judgment. *See Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C.Cir.2004) (quoting *Firestone*, 76 F.3d at 1208).

The court reiterates that Magistrate Judge Facciola identified the plaintiff's burden in challenging the defendant's motion for summary judgment. *See* R & R. The plaintiff continued to avoid addressing the principal issue of a FOIA claim: the sufficiency of the *Vaughn* index. Rather than challenging the adequacy of the *Vaughn* index, the plaintiff instead repeatedly made bald assertions of bad faith and perjury.

With regard to the plaintiff's instant motion to alter or amend judgment, his only argument that remotely touches on the applicable legal requirements is that there is clear error warranting reconsideration. In sum, the plaintiff's argument is that the court was in clear error by disagreeing with his assertion that an affidavit mentioning "status reports" provides conclusive proof that the DOJ willfully withheld nonexempt documents. The court, by reviewing the *Vaughn* index, reached the conclusion that the agency affidavits are sufficiently detailed because they identify the search techniques used to retrieve responsive documents and detail the justifications for each FOIA exemption. As a side-note, the court acknowledges that the *Vaughn* index indeed includes documents from Mr. Shaheen to the then Assistant Attorney General Ginsburg; however, the plaintiff has not explained why these documents could not be the status reports mentioned in the Shaheen affidavit. The court further notes that the plaintiff, in his response to Judge Facciola's report and recommendation, attached a redacted copy of the Shaheen affidavit. Notably, the portions redacted were the very statements regarding the status reports that are the lynchpin of the plaintiff's argument. Accordingly, because there is neither clear error nor a new law warranting an alteration or amendment of this court's judgment dated August 2, 2004, the court denies the plaintiff's Rule 59(e) motion.

## IV. CONCLUSION

For all these reasons, the court denies the plaintiff's the motion for recusal and the plaintiff's motion to alter or amend the court's August 2, 2004 judgment.

Accordingly, it is this 2nd day of November 2004,

**ORDERED** that the plaintiff's motion for recusal is **DENIED**; and it is

**FURTHER ORDERED** that the plaintiff's motion to alter or amend judgment is **DENIED**.

**SO ORDERED.**