**David H. LEMPERT, Appellant**

v.

**Samantha POWER, U.S. Ambassador to the United Nations, et al., Appellees.**

**No. 14–5153.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 25, 2015.

Rehearing En Banc Denied Nov. 6, 2015.

David H. Lempert, Ardsley, NY, pro se.

Katherine Twomey Allen, Mark B. Stern, U.S. Department of Justice, Ronald C. Machen, Jr., Esquire, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: GARLAND, Chief Judge, and WILLIAMS and RANDOLPH, Senior Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the district court's order of May 22, 2014, be affirmed and the remainder of the appeal be dismissed.

David Lempert, an attorney and anthropologist proceeding *pro se,* alleges that he traveled to Laos to work for the United Nations Development Programme, a subsidiary of the United Nations, only to see the job he was promised given to someone else. As a result of this dispute, Dr. Lempert sued the United Nations, the Development Programme, and the United States Ambassador to the U.N. at the time, Susan Rice,[1] for breach of contract, fraud, harassment, and violations of his constitutional rights. The district court dismissed the suit on July 19, 2013. On August 8, Dr. Lempert attempted to file a motion to amend his complaint, citing Federal Rule of Civil Procedure 52(b) and other rules. The court denied leave to file the motion on August 27. On September 16, Dr. Lempert filed a motion for postjudgment relief under Federal Rules of Civil Procedure 59(e) and 60(b),[2] which the court denied eight months later on May 22, 2014.

---

1. Pursuant to Federal Rule of Civil Procedure 25(d), Ambassador Samantha Power is now the proper defendant for claims against Ambassador Rice in her official capacity.

2. Like the district court, we believe it is unnecessary to determine whether Dr. Lempert's 59(e) motion was timely. The substantive standards for 59(e) and 60(b) are similar, and Dr. Lempert has failed to show that the district court improperly denied a motion under either rule.

**4**

Dr. Lempert appealed to this Court on June 17, 2014.

The district court's July 19, 2013, judgment dismissing the complaint is not before us because Dr. Lempert waited more than 60 days to file his appeal. *See* FED. R.APP. P. 4(a)(1)(B); *Ramer v. U.S. Gov't*, 455 Fed.Appx. 4, 5 (D.C.Cir.2012). Rule 52(b) motions may toll this 60–day period, but Dr. Lempert's August 8 motion did not have that effect. The motion did not ask the court to "amend or make additional factual findings" as the appellate rules required. FED. R.APP. P. 4(a)(4)(A)(ii). Even if the purported Rule 52(b) motion tolled the appeal deadline, Dr. Lempert's notice of appeal would still have been untimely because the 60–day clock would have restarted on August 27, when the district court denied the motion, and expired on October 28, well before he filed his notice of appeal. Dr. Lempert's September 16, 2013, motion under Rules 59(e) and 60(b) also failed to toll the appeal deadline because "it was filed more than 28 days after entry of the judgment." *Ramer*, 455 Fed. Appx. at 5; *see* FED. R.APP. P. 4(a)(4)(A)(iv) & (vi).

Dr. Lempert's appeal is thus timely only with respect to the May 22, 2014, order denying relief under Rules 59(e) and 60(b). We review such decisions for abuse of discretion. *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C.Cir.2004) (Rule 59(e)); *Derrington–Bey v. D.C. Dept. of Corrections*, 39 F.3d 1224, 1226 (D.C.Cir.1994) (Rule 60(b)). Interpreted charitably, Dr. Lempert's postjudgment motion raised two items of "newly discovered evidence." FED. R. CIV. P. 60(b)(2). The district court acted within its discretion in rejecting both. First, Dr. Lempert cited newspaper articles about the United States' surveillance of U.N. officials and argued that this surveillance "qualified the immunity of the U.N." Appellant Br. at 45. But even if the allegations in these articles are true, they have no bearing on the United Nations' immunity from legal process. Dr. Lempert also offered email exchanges with process servers as evidence that he had done his best to serve Ambassador Rice. But these emails merely confirm what the district court already determined when it dismissed the *Bivens* claims against Ambassador Rice because Dr. Lempert failed to serve her in her personal capacity. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

We affirm the district court's order of May 22, 2014, and dismiss the remainder of the appeal.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(a).