**James Eugene TAYLOR, Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE, Defendant.**

**No.  CIV.A.00–2688 RBW.**

United States District Court, District of Columbia.

June 18, 2003.

James Eugene Taylor, Seagoville Federal Correctional Institution, Seagoville, TX, Pro Se Plaintiff.

Wyneva Johnson, U.S. Attorney's Office, Washington, Counsel for Defendant.

## MEMORANDUM OPINION

WALTON, District Judge.

The plaintiff has filed a motion seeking reconsideration of this Court's rulings as set forth in its Memorandum Opinion dated April 1, 2003,[1] in which it granted the defendant's motion for summary judgment. Plaintiff seeks reconsideration of the Court's ruling pursuant to Federal Rule of Civil Procedure 59(e),[2] which states that "a party may motion to alter or amend a judgment no later than ten days after entry of that judgment." A district court properly exercises its discretion under Rule 59(e) when there "is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) (citations omitted). Ordinarily, Rule 59(e) motions are not granted by the district court when they are used by a losing party to attempt to re-argue theories or identify new arguments that

**1.** Plaintiff filed a Notice of Appeal on April 14, 2003. By Order dated April 23, 2003, the Court of Appeals directed that this matter be held in abeyance pending resolution of the plaintiff's motion for reconsideration.

**2.** Although plaintiff did not specifically invoke this provision of the federal rules in his motion, as a *pro se* party the Court must liberally

could have been previously raised. *Kattan v. District of Columbia,* 995 F.2d 274, 276 (D.C.Cir.1993) (citations omitted).

Plaintiff primarily makes two arguments in his motion for reconsideration, which were both addressed by the Court in its April 1, 2003 Memorandum Opinion, and the Court could therefore deny plaintiff's motion on that basis alone. *See Rann v. Chao,* 209 F.Supp.2d 75, 83 (D.D.C.2002) (denying plaintiff's Rule 59(e) motion where "the plaintiff merely raise[d] arguments that the court ha[d] already considered and rejected in its ... Memorandum Opinion.... The plaintiff's disagreement with the court's analysis and conclusions does not satisfy any of Rule 59(e)'s criteria for altering or amending the court's judgment.") (citation omitted); *Pearson v. Thompson,* 141 F.Supp.2d 105, 107 (D.D.C. 2001) ("A motion for reconsideration will not be granted if a party is simply attempting to renew factual or legal arguments that it asserted in its original briefs and that were already rejected by the Court."). However, plaintiff argues that he is

> not taking [the] opportunity to reargue facts and theories upon which the Court has already ruled, but is simply pointing out what the Court stated in regard to the Defendants [sic] prior actions in withholding information in the Petitioner's criminal trial and how the cases that were cited in the Courts [sic] Memorandum Opinion were not on point with the Petitioner's request.

construe plaintiff's submissions to the Court, *United States v. Palmer,* 296 F.3d 1135, 1143 (D.C.Cir.2002) (citations omitted), and Rule 59(e) would appear to be plaintiff's sole avenue for seeking relief from this Court at this time, and the motion was timely filed pursuant to that rule.

Petitioner's Reply to Defendant's Opposition to Plaintiff's Motion for Reconsideration of Courts [sic] Order ("Pl.'s Reply") at 1. Further, plaintiff argues that the "cases cited in the Court's ... Memorandum Opinion convey that a *clear error of law* would occur in the way the law applies to the Petitioner's request if the Court's judgment was not amended." *Id.* at 2 (emphasis in original). The Court will therefore address the substance of plaintiff's arguments.

■ Plaintiff first argues that disclosure of the information he continues to seek, namely, whether James Roark has "ever been charged with or convicted of fraud and if so, was it insurance fraud[ ]" would be in the public interest and therefore is not exempt under Exemption 7(C) of the Freedom of Information Act ("FOIA"). Plaintiff's Motion for Reconsideration of the Courts [sic] Order ("Pl.'s Mot.") at 3. Specifically, plaintiff argues that disclosure would serve the public interest because it would be in the public's interest to know whether or not "the defendant has withheld *exculpatory* information, thus possibly violating one of its own citizens [sic] *constitutional rights to a fair trial.*" Pl.'s Mot. at 2 (emphasis in original). However, this Court rejected this argument in its Memorandum Opinion and will not re-address the issue in detail again. *See Taylor v. Dep't of Justice,* 257 F.Supp.2d 101, 110–11 (D.D.C.2003). As the Court noted, "[p]laintiff has proffered nothing of substance that even suggests that the government has not complied with [its] constitutional obligation[ ] [under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), "which imposes an independent obligation on the government ... to disclose to criminal defendants ... any potentially exculpatory information the government has in its possession."] ). *Id.* at 110 n. 13; *see also Williams v.*

*FBI,* 822 F.Supp. 808, 813 (D.D.C.1993) (holding there was no public interest in the disclosure of documents regarding a criminal investigation of plaintiff. "Absent evidence of ... agency misconduct, an agency need not disclose the names and identifying descriptions of individuals supplying information to the agency in the law enforcement context.") (citations omitted). Furthermore, to the extent that plaintiff seeks the information to challenge his criminal conviction, "[t]he courts have consistently refused to recognize any public interest in disclosure of information to assist a convict in challenging his conviction." *Burke v. Dep't of Justice,* No. Civ.A. 96–1739, 1999 WL 1032814, at *4 (D.D.C. Sept. 30, 1999) (citations omitted).

Moreover, plaintiff's reliance on *SafeCard Services, Inc. v. SEC,* 926 F.2d 1197 (D.C.Cir.1991) and *Beck v. Dep't of Justice,* 997 F.2d 1489 (D.C.Cir.1993), as support for his argument that there is a public interest in disclosure of the material at issue, Pl.'s Mot. at 2, is misplaced. In *SafeCard,* the circuit court affirmed the district court's grant of summary judgment to the agency for its deletion of "the names and addresses of third parties mentioned in witness interviews, of customers listed in stock transaction records obtained from investment companies, and of persons in correspondence with the [Securities Exchange Commission]." 926 F.2d at 1205. The Court held that this information was exempt from disclosure pursuant to Exemption 7(C) because "[t]he privacy interest at stake [was] substantial" while the "public interest in disclosure [was] not just less substantial, it [was] insubstantial." *Id.* Notably, the court also stated that

unless there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity, and access to

the names of private individuals appearing in the agency's law enforcement files is necessary in order to confirm or refute that evidence, there is no reason to believe that the incremental public interest in such information would ever be significant."

*Id.* at 1205–06. Although plaintiff is correct that he "already knows the identity of the persons, where they live, phone numbers, etc [sic] of whom [he] seeks information[,]" Pl.'s Mot. at 1, this reality does not negate the privacy interests the individuals have to maintain the confidentiality of their criminal histories. Nor does plaintiff's knowledge of the individuals' identities support a finding that there is a public interest in the disclosure of the information where plaintiff has failed to produce even a scintilla of evidence to support his blanket assertion that defendant violated its constitutional obligation to produce such information during plaintiff's criminal trial.

In addition, despite plaintiff's arguments to the contrary, *Beck* is further support for the conclusion that the plaintiff has failed to establish the existence of a public interest significant enough to outweigh the privacy interests involved. In *Beck*, the plaintiff sought information regarding "any complaints ... regarding the activities" of two Drug Enforcement Special Agents. 997 F.2d at 1491. In holding that the information did not have to be disclosed pursuant to Exemptions 6 and 7(C), the circuit court stated that there was no public interest in the disclosure the plaintiff sought because "there [was] nothing in such information that would in itself shed light on the employer agency's actions ..." *Id.* at 1493 (citation omitted). Furthermore, the *Beck* court upheld the agency's decision to neither confirm nor deny the existence of documents that might reveal wrongdoing on the part of the agents. *Id.* The court also rejected the plaintiff's argument that the burden of proving wrongdoing was "impermissibly cast" on him. *Id.* at 1494. Specifically, the court stated:

> A requestor does not have a right to have his case decided on a hypothetical set of facts that strengthen his position; rather, he must see his case succeed or fail on the facts before the court. Our decision today does not require that [the plaintiff] prove that a scandal exists; it merely requires that a claim of public interest be based on known facts.

*Id.* Similarly, in this case, plaintiff has not provided anything of substance that even suggests agency wrongdoing; as such, there is no basis for the Court finding that plaintiff has established a public interest in the disclosure of the information he seeks to have disclosed.

Second, plaintiff argues that in order to show that Exemption 7(C) is applicable, the defendant must demonstrate that the "withheld information could reasonably constitute an 'unwarranted' invasion of privacy[ ]" and he contends there would be no unwarranted invasion of privacy in this case by the defendant's mere confirmation of whether or not Mr. Roark has ever been charged or convicted of fraud. Pl.'s Mot. at 3.[3] In determining whether a privacy interest exists in law-enforcement records,

---

**3.** Although the Court did conclude that the individuals at issue each had a privacy right at stake in the information at issue, *Taylor,* at 112–13, because the Court concluded that there was no public interest in the disclosure plaintiff seeks, it did not engage in detailed balancing of the privacy interests at stake because, as the *Beck* court noted, "where [the court] find[s] that the request implicates no public interest at all, '[it] need not linger over the balance; something ... outweighs nothing every time.'" 997 F.2d at 1494 (citations omitted).

**38**

it is well established that " 'the mere mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation.'" *Burke,* 1999 WL 1032814, at *4 (citation omitted). Here, plaintiff is requesting third-party information from the Federal Bureau of Investigation's ("FBI") investigative files without submitting proof of death or privacy waivers from those third parties. Therefore, the FBI properly denied plaintiff's requests for information compiled in the FBI's investigative files because there was no significant public interest that superceded the privacy interests of the third parties. *Id.* at *5.

■ Plaintiff also challenges the Court's approval of the agency's reliance on a Glomar response, in which it neither confirmed nor denied the existence of the information plaintiff wants disclosed. A Glomar response is "appropriate where members of the public may draw adverse inferences from the mere fact that an individual is mentioned in the investigative files of a criminal law-enforcement agency." *Benavides v. Drug Enforcement Admin.,* 976 F.2d 751, 752 (D.C.Cir.1992). Plaintiff contends that because he already knows the identity of Mr. Roark, whom he notes was the best man in his wedding, there could be no invasion of privacy if the agency was ordered to provide confirmation of whether Mr. Roark has ever been charged or convicted of fraud. Pl.'s Mot. at 3. However, "[t]he fact that the requestor might be able to figure out some or all of the individuals' identities through other means, or the fact that their identities have already been disclosed, does not diminish their privacy interests in not having the documents disclosed." *Burke,* 1999 WL 1032814, at *6. Therefore, defendant appropriately neither confirmed nor denied the existence of information concerning Mr. Roark's prior criminal history, if in fact he has one.

For these reasons, plaintiff's motion for reconsideration is denied.

## ORDER

In accordance with the Court's ruling set forth in the Memorandum Opinion that accompanies this Order, it is hereby

ORDERED that the plaintiff's Motion for Reconsideration [# 47] is denied.