MEMORANDUM OPINION AND ORDER
 

 LAMBERTH, District Judge.
 

 This matter comes before the Court on defendants’ motion to reconsider, plaintiffs
 
 *LXII
 
 opposition thereto, and defendants’ reply to plaintiffs opposition. Upon consideration of the briefing, the law, and the record in this case, defendants’ motion to reconsider is denied.
 

 I. BACKGROUND
 

 The factual background of this case is laid out in detail in the Court’s Memorandum Opinion of December 1, 2003. The Court need not repeat it here. To place the Government’s motion, as well as plaintiffs opposition thereto, in appropriate context, however, a brief review of the case’s major points is in order.
 

 This dispute grows out of a Freedom of Information Act (FOIA), 5 U.S.C. § 552, request initiated by plaintiff on December 22, 1997 concerning the FBI investigation of the 1972 kidnapping of his mother, Virginia Lewis Piper. Since that time, the FBI has released approximately 80,000 pages of documents to plaintiff in response to his request. The parties reached an agreement culminating in plaintiff sampling 357 pages from the approximated 80,000 released. The sample-documents contained many redactions and withhold-ings pursuant to FOIA’s nine exemptions. Having completed its search for documents considered responsive to plaintiffs request, the Government moved for summary judgment on May 16, 2003, and plaintiff responded with a cross-motion for summary judgment on June 16, 2003.
 

 In a memorandum opinion issued on December 1, 2003, this Court granted the Government’s motion for summary judgment regarding the adequacy of the FBI’s search and its application of FOIA Exemptions 7(D), (E), and (C), save for documents 206 and 309. The Court ordered documents 206 and 309 released to plaintiff because they were withheld improperly. The Court also granted plaintiffs motion with respect to documents 129, 130, 131, 132, 172, 312, 321, 322, 323, 324, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 337, 339, and 340. Finding the Government failed to justify the withholding of these documents under the asserted exemptions, the Court ordered them released to plaintiff. It is this finding the Government now asks the Court to reconsider.
 

 II. ANALYSIS
 

 A. Standard for Motions to Reconsider
 

 Defendants filed a motion entitled “Defendants’ Motion For Reconsideration of the Court’s December 1, 2003 Memorandum Opinion and Order ...” on December 15, 2003. The Federal Rules of Civil Procedure have no rule specifically addressing motions to reconsider.
 
 See generally
 
 Fed. R.Civ.P.;
 
 Rann v. Chao,
 
 209 F.Supp.2d 75, 77 (D.D.C.2002) (stating “the Federal Rules of Civil Procedure do not contain anything known as a ‘Motion for Reconsideration’ ” and therefore treating the motion as one to alter or amend judgment). The D.C. Circuit has stated that motions to reconsider are routinely construed as motions to clarify or alter or amend judgment under Rule 59(e).
 
 Emory v. Sec’y of the Navy,
 
 819 F.2d 291, 293 (D.C.Cir.1987). This “treatment is appropriate even though the movant does not specify under which rule relief is sought, because any motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label.”
 
 Id.
 
 (internal citation and quotations omitted). The Court will therefore treat defendants’ motion to reconsider as cognizable under Rule 59(e).
 

 The district court has considerable discretion in ruling on a Rule 59(e) motion.
 
 Rann,
 
 209 F.Supp.2d at 78. The court properly invokes its discretion to grant a Rule 59(e) motion if it finds there is (1) an intervening change in controlling
 
 *LXIII
 
 law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.
 
 Anyanwutaku v. Moore,
 
 151 F.3d 1053, 1057-58 (D.C.Cir.1998). Rule 59(e) motions are not granted if the court suspects the losing party is using the motion as an instrumentality of arguing the same theory or asserting new arguments that could have been raised prior to final judgment.
 
 Taylor v. DOJ,
 
 268 F.Supp.2d 34, 35 (D.D.C.2003) (citing
 
 Rattan v. D.C.,
 
 995 F.2d 274, 276 (D.C.Cir.1993) (citations omitted)).
 

 B. Defendants’ Argument
 

 The Government has filed a timely motion for amendment of the Court’s judgment.
 
 [1]
 
 The Government neither argues there has been a change in controlling law, nor does it seem to be arguing there is new evidence available. The Government believes that “the Court has misconstrued defendants’ actions here and, as a consequence, improperly concluded that defendants failed to justify withholding” documents 129, 130, 131, 132, 172, 312, 321, 322, 323, 324, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 337, 339, and 340. (Defs.’ Mot. for Recons, at 1.) Although the Government does not explicitly state on what grounds it seeks relief, its argument is properly considered under the correcting of clear error or preventing manifest injustice standard of Rule 59(e).
 

 1. Clear Error
 

 Courts have generally not defined what constitutes “clear error” under Rule 59(e).
 
 See Oneida Indian Nation of New York v. County of Oneida,
 
 214 F.R.D. 83, 98 (N.D.N.Y.2003). What can be learned from scarce case law on the subject is that clear error should conform to a “very exacting standard.”
 
 Id.
 
 (quoting
 
 Hopwood v. Texas,
 
 236 F.3d 256, 272 (5th Cir.2000)). District courts should have “a clear conviction of error” before finding a final judgment was predicated on clear error.
 
 Id.
 
 (internal citation omitted). The Seventh Circuit declared that a final judgment must be “dead wrong” to constitute clear error.
 
 Parts & Electric Motors, Inc. v. Sterling Electric, Inc.,
 
 866 F.2d 228, 233 (7th Cir.1988).
 

 The Government states that relief should be granted because “the
 
 Vaughn
 
 declaration filed in this case clearly demonstrates that the FBI justified its withholding of the above enumerated documents ....” (Defs.’ Mot. for Recons, at 1.) If the FBI’s justifications were as clear as defendants urge, then this Court produced an odd result on December 1. After reviewing the Keeley Declaration-i.e., the
 
 Vaughn
 
 index-again, the Court finds itself in a familiar position. The Keeley Declaration states that “[djocuments 129, 130, 131, 132 and 172 was selected and submitted by the plaintiff for justification.... These documents could not be justified.” (Keeley Decl. at 8 n. 5.) It further states that “[documents 312, 321, 322, 323, 324, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 337, 339, and 340 was selected and
 
 *LXIV
 
 submitted by the plaintiff for justification .... These documents could not be justified.” (Keeley Decl. at 11 n. 10.) These statements are certainly clear. The result of their clarity, however, produces a result contrary to the Government’s argument and conclusion.
 

 The Government confuses the withholding of material under a FOIA exemption with the justification for that withholding. These are two distinct endeavors. A government agency asserts an exemption when it believes the material being requested is exempt from disclosure under one of FOIA’s nine exemptions. Justification, on the other hand, requires the agency to prepare an itemized index, correlating each withheld document, or portion thereof, with the asserted exemption and the reason(s) why the withheld material is properly exempt.
 
 Vaughn v. Rosen, 484 F.2d 820, 827
 
 (D.C.Cir.1973). The Government states that the “documents enumerated above and identified by the Court for disclosure to plaintiff were expressly included among those covered by one or several of these exemptions.” (Defs.’ Mot. for Recons, at 2.) As the Court noted in its December 1 opinion, the government must justify its exemptions in order to allow the opposing party to argue effectively against nondisclosure.
 
 Piper v. DOJ,
 
 294 F.Supp.2d 16, 31-32 (D.D.C.2003) (citing
 
 Coastal States Gas Corp. v. Dep’t of Energy,
 
 644 F.2d 969, 972 (3d Cir.1981)). Without justification for the exemptions invoked, a meaningful judicial assessment of those withholdings would not be possible.
 
 Id.
 
 at 32. The lack of justification is generally dispositive, resulting in a favorable ruling for plaintiff.
 
 See Schiller v. N.L.R.B.,
 
 964 F.2d 1205, 1209 (D.C.Cir.1992). The Government has not persuaded the Court that its December 1 judgment in this regard was conceived in clear error or resulted in such error.
 

 a. Asserting New Arguments
 

 Additionally, the Government argues that the aforementioned language cited by the Court from the Keeley Declaration was meant to refer “to difficulties the FBI had in identifying certain documents based on limited information provided by the plaintiff on the document’s location.” (Defs.’ Mot. for Recons, at 3.) The Government further states that “it was an extreme burden to
 
 locate
 
 and justify the redactions within these documents by the ninety-day deadline.” (Defs.’ Mot. for Recons. at 3) (emphasis in original). The Keeley Declaration and Defendants’ Motion for Summary Judgment filed on May 16, 2003 are both silent on this “extreme burden” issue. If justifying the exempted documents at issue was unduly burdensome, then, as plaintiff correctly points out in his opposition memorandum at 4, the Government could have moved for another extension of time. The Government did not do this. Therefore, any arguments advanced about hardships and past deadlines are new arguments that could have been raised prior to this Court’s December 1 judgment. As a general proposition, Rule 59(e) motions are not granted when losing parties enlist the motion to make new arguments that could have been raised prior to final judgment.
 
 Taylor,
 
 268 F.Supp.2d at 35 (internal citation omitted). The Court will not disturb this general rule. Relief is therefore denied.
 

 2. Manifest Injustice
 

 Like the clear error standard, courts have not precisely defined what constitutes “manifest injustice.”
 
 Oneida,
 
 214 F.R.D. at 99. Indeed, there is even less case law on the books giving meaning to “manifest injustice” than to “clear error.”
 
 Id.
 
 This lack of direction, however, does not affect the Court’s finding that manifest injustice would not result from
 
 *LXV
 
 release of the documents at issue. The Court is sympathetic to the Government here and understands its concern regarding the information that will be disclosed as a result of its failure to justify its asserted exemptions. This concern, however, does not compel the Court to exercise its discretion and reconsider its prior judgment. Assuming without deciding the contested information now being released to plaintiff properly falls under the Government’s asserted FOIA exemptions, this result does not rise to the level of manifest injustice contemplated by the D.C. Circuit in articulating the standard for reconsideration. This finding is based on the following premise: “manifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered.”
 
 Ciralsky v. CIA,
 
 355 F.3d 661, 673 (D.C.Cir.2004) (internal quotations omitted). As noted previously, the Government could have moved for an extension of time if justifying its exemptions was too burdensome in the face of the FBI’s approaching April 2003 deadline to submit its
 
 Vaughn
 
 index. The Government elected not to act prior to final judgment. The Court does not now find anything “manifest” about the possible “injustice” that may result from the Government’s prior inaction that would compel the Court to disturb its original judgment.
 
 Cf. id.
 

 III. CONCLUSION
 

 Because the Government has failed to make a showing of clear error or persuade the Court its December 1, 2003 ruling would result in manifest injustice, its motion to reconsider under Rule 59(e) is DENIED.
 

 SO ORDERED.
 

 [1]
 

 . To be timely, Rule 59(e) motions must be filed within ten business days after the court's judgment is entered into the court's civil docket. Fed.R.Civ.P. 59(e); Fed.R.Civ.P. 6(a);
 
 Derrington-Bey v. D.C. Dep’t of Corrections,
 
 39 F.3d 1224, 1225-27 (D.C.Cir.1994). District courts do not have discretion under Rule 6(b) to expand the ten day period.
 
 Derrington-Bey,
 
 39 F.3d at 1225. The ten day period to file motions to amend or alter judgment is admittedly short but believed to be necessary because a timely Rule 59(e) motion “deprives the judgment of finality.”
 
 Id.
 
 The Court's judgment came down and was entered on the docket on December 1, 2003, and the Government filed its motion to reconsider on December 15, 2003. Excluding weekends and legal holidays, the Government meets the ten business day requirement of Rule 6(b), and its motion is therefore timely.